# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD A. FOWLKES,

        Plaintiff,

-v-

U.S. NATIONAL ARCHIVE AND
RECORDS ADMINISTRATION, et al.,

        Defendants.

Case No. 3:09-cv-006

Judge Thomas M. Rose

---

### ENTRY AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. #10) AND TERMINATING THIS CASE

---

This is an employment discrimination complaint brought by Plaintiff Richard A. Fowlkes ("Fowlkes") against the United States National Archive and Records Administration ("NARA"), the NARA Equal Employment Office, the United States of America and all other Jane or John Does who are necessary and proper parties. Fowlkes' Complaint identifies a combination of Causes of Action and Claims for Relief totaling nine.

Fowlkes' First Cause of Action is for hostile work environment pursuant to 42 U.S.C.A. 2000(e) et seq. and 42 U.S.C.A. 12111 et seq.[1] Fowlkes' Second Cause of Action is for discrimination based upon disability pursuant to 42 U.S.C.A. 2000(e) et seq. and 42 U.S.C.A. 12111 et seq. Fowlkes' Third Cause of Action is for gender discrimination pursuant to 42 U.S.C.A. 2000(e) et seq. and 42 U.S.C.A. 12111 et seq. His Fourth Cause of Action is for

---

[1] 42 U.S.C. § 2000e et seq. is Title VII of the Civil Rights Act of 1964 as amended. 42 U.S.C. § 12101 et seq. is Title I of the Americans with Disabilities Act of 1990 as amended. Title I of the Americans with Disabilities Act incorporates the administrative-exhaustion and procedural provisions of Title VII.

retaliation pursuant to 42 U.S.C. 12203, 42 U.S.C.A. 2000(e) et seq. and 42 U.S.C.A. 12111 et seq. Fowlkes' Fifth Claim for Relief is against NARA for breach of contract. His Sixth Claim for Relief is for unlawful retaliation and/or discharge and/or First Amendment violation. His Seventh Cause of Action is for violations of procedural due process. Fowlkes' Eighth Cause of Action is for violation of equal protection rights and his Ninth Cause of Action is for violation of substantive due process.

Now before the Court is Defendants' Motion To Dismiss, or In the Alternative, Motion for Summary Judgment. (Doc. #10.) This Motion was filed on April 6, 2009. On April 27, 2009, Fowlkes was granted an extension until May 18, 2009, to respond. On May 15, 2009, Fowlkes was granted a second extension until May 28, 2009 to respond with the admonition that no further extensions would be granted. On May 27, 2009, Fowlkes asked for a third extension of time until June 8, 2009, to respond.[2] This motion was denied. On June 3, 2009, Fowlkes moved to file a response instanter. This motion too was denied. Thus, the time has run and Fowlkes has not responded. Therefore, Defendants' Motion To Dismiss is ripe for decision.

Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6). The standard of review for motions to dismiss brought pursuant to Rule 12(b)(6) will first be set forth followed by a brief procedural background and an analysis of Defendants' Motion To Dismiss.

**STANDARD OF REVIEW**

The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993)(citing *Nishiyama v.*

---

[2]The brief reason given for each of the three extensions was the same: "Plaintiff's counsel feels that more time is necessary to finish the research and drafting necessary for this objection."

*Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987)). Put another way, "the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1356 (3d ed. 2004) Further, for purposes of the motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232 (1974).

To survive a 12(b)(6) motion to dismiss, a plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is not enough. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. However, the factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 127 S.Ct. at 1965(citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235-236 (3d ed. 2004)). The factual allegations in the complaint, even if doubtful in fact, must do something more than merely create a suspicion of a legally cognizable right. *Id.*

Also, to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Columbia Natural Resources, Inc. v. Tatum*, 58 F. 3d 1101 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996). The Court "need not accept as true legal conclusions or unwarranted factual inferences*." Morgan v. Church's Fried Chicken,* 829 F. 2d 10, 12 (6th Cir. 1987). Put another way, bare assertions of legal conclusions are not

sufficient. *Lillard v. Shelby County Bd. of Educ.*, 76 F. 3d 716, 726 (6th Cir. 1996). It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to dismiss. *Id.*

### PROCEDURAL BACKGROUND

Fowlkes initially filed a complaint with the Equal Employment Opportunity Commission upon which he received a decision. (Affidavit of Gregory P. Dunsky ("Dunsky Aff.") Ex. 3 Apr. 3, 2009.) He then appealed. After receiving the appeal decision, he initiated a request to reconsider the appeal decision. (Id.) On September 16, 2004, Fowlkes' request for reconsideration of the appeal decision was denied and the appeal decision became final. (Id.) Fowlkes was told that he had ninety (90) days to file a civil action in an appropriate United States District Court. (Id.)

On December 17, 2004 Fowlkes filed a pro se complaint in this Court making various allegations of discrimination against some of the same defendants as here (the "2004 Lawsuit"). (Case No. 3:04-cv-441, doc. #1.) On April 14, 2005 an Amended Complaint was filed by counsel engaged by Fowlkes. (Case No. 3:04-cv-441, doc. #4.) A Second Amended Complaint was filed on May 27, 2005 and a Third Amended Complaint was filed on September 17, 2005. (Case No. 3:04-cv-441, doc. #12 and 20.)

The Third Amended Complaint in the 2004 Lawsuit is based upon and includes essentially the same factual allegations as the Complaint filed in this case. However, the Third Amended Complaint includes three Defendants and seven causes of action that are not included in the Complaint filed in this case. Six of the seven causes of action not included in the Complaint in this case were later dismissed by the Court in Fowlkes' 2004 Lawsuit. (Case No.

3:04-cv-441, doc. #53.)

On January 8, 2008, Fowlkes voluntarily dismissed his 2004 Lawsuit. (Case No. 3:04-cv-441, doc. #55.) The Joint Notice of Voluntary Stipulated Dismissal By All Parties indicates, "[t]his dismissal is without prejudice and provides the Plaintiff the right to refile the lawsuit in accordance with applicable law." This Notice of Voluntary Dismissal was prepared and filed by Fowlkes' attorney. (Case No. 3:04-cv-441, doc. #55; Affidavit of Gregory P. Dunsky ("Dunsky Aff." ¶ 4 Apr. 3, 2009.) Over one year later, on January 7, 2009,[3] Fowlkes filed the Complaint that is now before the Court. (Case No. 3:09-cv-006, doc. #1.)

## ANALYSIS

The Defendants argue that Fowlkes' First, Second, Third and Fourth Causes of Action are barred by the applicable statute of limitations. The Defendants also argue that Fowlkes' Fifth, and Sixth Claims for Relief and his Seventh, Eighth and Ninth Causes of Action fail to state a claim upon which relief can be granted because these claims and causes of action are barred since Title VII is Fowlkes' exclusive remedy. Finally, the Defendants argue that Fowlkes Sixth Claim for Relief and his Seventh, Eighth and Ninth Causes of Action are barred by sovereign immunity. Each of these three arguments will be addressed seriatim.

### **First, Second, Third and Fourth Causes of Action Barred By Statute of Limitations**

Fowlkes First, Second, Third and Fourth Causes of Action are brought pursuant to Title VII of the Civil Rights Act of 1964 as amended and Title I of the Americans with Disabilities Act of 1990 as amended. Both incorporate the same administrative-exhaustion and procedural provisions.

---

[3]January 7, 2009, is a Wednesday and January 6, 2009, is not a weekend or holiday.

A plaintiff seeking to assert Title VII discrimination claims must bring suit within ninety days of receiving a Notice of Right To Sue from the EEOC. 42 U.S.C. §2000e-5(f)(1); 42 U.S.C. § 12117(a); *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149 (1984). Also, the procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of sympathy for particular litigants. *Baldwin County Welcome Center*, 466 U.S. at 152. For example, where the parties stipulated to the dismissal of a Title VII action pursuant to Fed. R. Civ. P. 41(a) a little more than a year after it was filed, a later-filed Title VII complaint bringing the same claims against the same parties is time barred. *Wallace v. Wheeling-Pittsburgh Steel* Corp., No. 2:08-cv-261, 2008 WL 4347358 at *3 (Sept. 19, 2008); *Canady v. Klaiber*, No. 1:04 CV 0711, 2007 WL 81858 at *3 (N.D. Ohio Jan. 8, 2007); *Gex v. Toys "R" Us, Inc.*, No. C-3-06-338, 2007 WL 2852351 at *5 (S.D. Ohio Oct. 2, 2007).

However, because a federal statute sets a time limitation upon the bringing of a lawsuit does not restrict the power of the federal court to find that a statute of limitations is tolled under certain circumstances. *Leake v. University of Cincinnati*, 605 F.2d 255, 259 (6th Cir. 1979)(citing *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 559 (1974)). Equitable principles should apply in circumstances which warrant their application. *Id.* However, the "instances" in which time limits set in a federal statue are tolled are very limited. *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987). Further, even if equitable principles were to be applied, the Court is aware of no instances where a statute of limitations that had already run had been tolled. *Wallace*, 2008 WL 4347358 at *3; *Gex*, 2007 WL 2852351 at * 3.

In this case, Fowlkes had ninety (90) days from September 16, 2004, to file a civil action in the appropriate United States District Court. He filed the first civil action on December 17,

2004.[4] He then voluntarily dismissed this action on January 8, 2008 with the understanding that he could refile the lawsuit **in accordance with applicable law.**

Fowlkes could possibly make an argument for equitable tolling beginning when the 2004 lawsuit was dismissed. However, such an argument would be without merit because the ninety (90) day limit had run long before the 2004 lawsuit was dismissed.

The applicable law provides that Fowlkes' lawsuit had to be brought within ninety (90) days of receiving his Notice of Right To Sue. He received the Notice of Right To Sue on September 16, 2004 and filed the lawsuit that is now before the Court on January 7, 2009. Therefore, Fowlkes has not brought this Complaint within ninety (90) days of receiving the Notice of Right To Sue.

Like in *Wallace*, *Canady* and *Gex*, the factual allegations, parties and claims in the lawsuit that is now before the Court are the same as the factual allegations, parties and claims brought in the 2004 lawsuit except for the parties and claims dismissed by the Court in the 2004 lawsuit. Therefore, like in *Wallace*, *Canady* and *Gex*, when Fowlkes stipulated to the dismissal of a lawsuit more than a year after it was filed, he is time-barred from again bringing essentially the same lawsuit.

Therefore, Fowlkes has not satisfied the time requirements for filing his First, Second, Third and Fourth Causes of Action brought pursuant to Title VII of the Civil Rights Act of 1964 as amended and Title I of the Americans with Disabilities Act of 1990 as amended. Those Causes of Action must be dismissed.

**Fifth and Sixth Claims for Relief and Seventh, Eighth and Ninth Causes of Action Barred**

---

[4]Although this complaint was arguably filed outside of the ninety (90) day limit, no one raised the issue and the Court permitted this case to proceed to voluntary dismissal.

## Since Title VII Is the Exclusive Remedy

The Defendants argue that Fowlkes' Fifth and Sixth Claims for Relief and his Seventh, Eighth and Ninth Causes of Action should be dismissed because Title VII provides the exclusive remedy for claims of discrimination in federal employment. The Defendants are correct that Title VII provides the only remedy for discrimination claims in federal employment. *Brown v. General Service Administration*, 425 U.S. 820, 835 (1976).

In this case, it is undisputed that Fowlkes was a federal employee as he was employed by NARA, a federal agency. Therefore, each of the Claims for Relief and Causes of Action must be examined to determine if they seek a remedy for claims of discrimination.

Fowlkes' Fifth Claim for Relief is for breach of contract. On its face, it does not allege any type of discrimination. However, the supporting factual allegations found elsewhere in Fowlkes' Complaint discuss only various forms of discrimination and retaliation in employment. Therefore, a reading of the entire Complaint could only lead to the conclusion that Fowlkes' breach-of-contract claim against NARA grew out of the alleged discrimination and retaliation. As a result, Title VII provides the exclusive remedy and Fowlkes' breach-of-contract claim must be dismissed.

Fowlkes' Sixth Claim for Relief is for unlawful retaliation and/or discharge and/or First Amendment violations. On its face, this Claim for Relief is for employment discrimination against Fowlkes. Also, as is indicated above, the factual allegations found elsewhere in Fowlkes' Complaint discuss only various forms of discrimination and retaliation in employment. Therefore, a reading of the Sixth Claim for Relief and the factual allegations set forth in the Complaint could lead only to the conclusion that Fowlkes' unlawful retaliation and/or discharge

and/or First Amendment violations claim grew out of the alleged discrimination and retaliation. As a result, Title VII provides the exclusive remedy and Fowlkes' claim of unlawful retaliation and/or discharge and/or First Amendment violations must be dismissed.

Fowlkes' Seventh Cause of Action is for violations of procedural due process. On its face, this Cause of Action specifically argues denial of procedural due process to Fowlkes on his EEO complaints and/or grievances. Also, as is indicated above, the factual allegations found elsewhere in Fowlkes' Complaint discuss only various forms of discrimination and retaliation in employment. Therefore, a reading of the Seventh Cause of Action and the factual allegations in the Complaint could only lead to the conclusion that Fowlkes' due process violation claim grew out of the alleged discrimination and retaliation. As a result, Title VII provides the exclusive remedy and Fowlkes' claim of violations of procedural due process must be dismissed.

Fowlkes' Eighth Cause of Action is for violation of his equal protection rights. On its face, this Cause of Action specifically argues that Fowlkes has been harmed as a result of differential treatment and harassment. Also, as is indicated above, the factual allegations found elsewhere in Fowlkes' Complaint discuss only various forms of discrimination and retaliation in employment. Therefore, a reading of the Eighth Cause of Action and the factual allegations in the Complaint could only lead to the conclusion that Fowlkes' equal protection claim grew out of the alleged discrimination and retaliation. As a result, Title VII provides the exclusive remedy and Fowlkes' claim of violations of his equal protection rights must be dismissed.

Fowlkes' Ninth Cause of Action is for violation of his substantive due process rights. On its face, this Cause of Action is brought "as a direct and proximate result of the Defendants… harassment, disability and sex discrimination, unequal treatment, retaliation, unfair

representation, etc.…." Also, as is indicated above, the factual allegations found elsewhere in Fowlkes' Complaint discuss only various forms of discrimination and retaliation in employment. Therefore, a reading of the Ninth Cause of Action and the factual allegations in the Complaint could only lead to the conclusion that Fowlkes' substantive due process claim grew out of the alleged discrimination and retaliation. As a result, Title VII provides the exclusive remedy and Fowlkes' claim of violation of his substantive due process rights must be dismissed.

Fowlkes Fifth and Sixth Claims for Relief and his Seventh, Eighth and Ninth Causes of Action are all based upon various claims of discrimination in federal employment and Title VII is the exclusive remedy for claims of discrimination in federal employment. Therefore, even if everything in Fowlkes' Complaint is true, he is not entitled to legal relief on his Fifth and Sixth Claims for Relief and his Seventh, Eighth and Ninth Causes of Action.

### Sixth Claim for Relief and Seventh, Eighth, and Ninth Causes of Action Barred By Sovereign Immunity

The Defendants argue that Fowlkes Sixth Claim for Relief and his Seventh, Eighth and Ninth Causes of Action should be dismissed because the United States is immune from them. Specifically, the Defendants argue that they have sovereign immunity from these claims.

The United States, as sovereign, is immune from suit unless it consents to be sued and the terms of any consent to be sued define the court's jurisdiction to entertain the suit. *U.S. v. Sherwood*, 312 U.S. 584, 586 (1941). A waiver of sovereign immunity, or consent to be sued, must be expressed in "statutory text" and may not be implied. *Lane v. Pena*, 518 U.S. 187, 192 (1996). The only statute relevant to this case in which a waiver of the United States' sovereign immunity may be found is the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346(b), 2671-80.

The FTCA provides the exclusive remedy for common law torts by federal employees acting within the scope of their employment. 28 U.S.C. § 2679(b)(1). However, the FTCA does not waive sovereign immunity for claims arising out of the Constitution. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471 (1994).

Fowlkes' Sixth Claim for Relief and his Seventh, Eighth and Ninth Causes of Action are all claims of torts by federal employees acting within the scope of their employment and they are all allegations of Constitutional violations. Therefore, even if everything in Fowlkes' Complaint is true, he is not entitled to legal relief on his Sixth Claims for Relief and his Seventh, Eighth and Ninth Causes of Action because the Federal Government has not waived its sovereign immunity from these claims.

There is another basis for dismissing Fowlkes' Constitutional claims. The Civil Service Reform Act ("CSRA"), 5 U.S.C. §§ 2301(b)(2) and 2302(b)(11) preempts constitutional claims by federal employees. *United States v. Fausto*, 484 U.S. 439, 448-50 (1988); *Ryon v. O'Neil*, 894 F.2d 199, 202 (6th Cir. 1990). Since Fowlkes was a federal employee, his constitutional claims may have been cognizable in some form under the CSRA but not as they are set forth in his Complaint.

Therefore, even if everything in Fowlkes' Complaint is true, he is not entitled to legal relief on his Sixth Claim for Relief and his Seventh, Eighth and Ninth Causes of Action. He is not entitled to legal relief because the United States is immune from these claims and because they are precluded by the CSRA.

## CONCLUSION

Fowlkes' First, Second, Third and Fourth Causes of Action brought pursuant to Title VII

of the Civil Rights Act of 1964 as amended and Title I of the Americans with Disabilities Act of 1990 as amended are dismissed because they were not filed within the applicable time limit and the applicable time limit had run long before any actions that may be considered equitable tolling took place. Even if everything in his Complaint is true, Fowlkes is not entitled to legal relief on his Fifth and Sixth Claims for Relief and his Seventh, Eighth and Ninth Causes of Action because these claims are all based upon various claims of discrimination in federal employment and Title VII is the exclusive remedy for claims of discrimination in federal employment. Finally, even if everything in Fowlkes' Complaint is true, he is also not entitled to legal relief on his Sixth Claim for Relief and his Seventh, Eighth and Ninth Causes of Action because the United States is immune from these claims and because they are precluded by the CSRA.

Therefore, Defendants' Motion to Dismiss (doc. #10) is GRANTED. All of Fowlkes' Claims for Relief and Causes of Action are DISMISSED and the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio this Fifteenth day of June, 2009.

                                                       **s/Thomas M. Rose**
                                           _____
                                             THOMAS M. ROSE
                                             UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record