UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RICHARD A. FOWLKES,

          Plaintiff,

-v-

U.S. NATIONAL ARCHIVE AND
RECORDS ADMINISTRATION, et al.,

          Defendants.

Case No. 3:09-cv-006

Judge Thomas M. Rose

---

**ENTRY AND ORDER GRANTING IN PART AND OVERRULING IN PART FOWLKES' MOTION FOR RECONSIDERATION (Doc. #16). THIS CASE REMAINS TERMINATED ON THE DOCKET RECORDS OF THIS COURT.**

---

Now before the Court is a Motion for Reconsideration (doc. #16) brought by Plaintiff Richard A. Fowlkes ("Fowlkes"). Therein, Fowlkes asks the Court to reconsider its Entry and Order Granting Defendant's Motion To Dismiss (doc. #15). Fowlkes' Motion for Reconsideration is now fully briefed and ripe for decision.

The Federal Rules of Civil Procedure make no reference to motions for reconsideration. However, in the Sixth Circuit, motions for reconsideration are construed as Rule 59(e) motions to alter or amend judgment. *Moody v. Pepsi-Cola Metropolitan Bottling Co., Inc.*, 915 F.2d 201, 206 (6th Cir. 1990). Motions to alter or amend judgment may be granted if there is a clear error of law, if there is newly discovered evidence or if there is an intervening change in controlling law. *Gencorp, Inc. v. American International Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

In this case, Fowlkes cites no intervening change in controlling law and presents no newly discovered evidence. Therefore, his argument must be that the Court made a clear error of

law.

Fowlkes asks the Court to reconsider three of the Court's rulings. Each will be addressed seriatim.

Fowlkes first argues that the Court incorrectly determined that this case was not filed within one year after its voluntary dismissal by Fowlkes. Fowlkes voluntarily dismissed his 2004 lawsuit on January 8, 2008 and filed the Complaint in this case on January 7, 2009. The Court found that the Complaint in this case was filed "over one year later."

Obviously Fowlkes' Complaint in this case was not filed "over one year later." It was filed nearly one year later. However, this period of time has no impact on the Court's ultimate decision because the applicable statute of limitations had already run when Fowlkes filed the Complaint in this case on January 7, 2009.

Fowlkes' second argument for reconsideration is that his First, Second, Third and Fourth Causes of Action should not be dismissed because of the statute of limitations due to the doctrines of estoppel and waiver. However, as set forth in this Court's previous opinion, the doctrine of estoppel cannot be used to revive a claim which had already expired by the time the events leading to an alleged estoppel transpired. Nor can a waiver of time be considered under the same circumstances. Fowlkes also argues that Fed. R. Civ. P. 41(a) should be interpreted as allowing a refiling of the case in this instance. However, this is without merit since the Rule 41(a) dismissal was filed by Fowlkes long after the applicable statute of limitations had run.

In sum, Fowlkes does not explain, nor can he, how a statute of limitations that has already run can be tolled. He should have considered this prior to voluntarily dismissing his Complaint.

Fowlkes' third argument duplicates arguments previously made regarding why Counts Five, Seven and Nine of his Complaint should not be dismissed. The Court has already addressed these arguments and determined that they are without merit.

Fowlkes argument that the Court, in a footnote, incorrectly indicated that the Complaint in this case was filed "over one year later" than when his 2004 lawsuit was dismissed is a valid argument but not relevant. Fowlkes remaining arguments are arguments that were or could have been made earlier and, thus, do not satisfy the requirements for Rule 59(e) reconsideration. If they did, however, they would continue to be without merit. Thus, Fowlkes' Motion for Reconsideration is GRANTED as to the "over one year later" statement and DENIED as to all other arguments. Finally, since the "clear error of law" identified by Fowlkes is irrelevant to the dismissal of his Complaint, Fowlkes' Complaint shall remain dismissed.

**DONE** and **ORDERED** in Dayton, Ohio this Twenty-Eighth day of July, 2009.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record